IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA VELARDE,

    Plaintiff,

vs.

ROBERT McCORD,                       Case No. 2:12-CV-958 GBW/WPL

    Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR COSTS IN PART

This matter comes before the Court on Defendant's Motion to Tax Costs and Itemized Bill of Costs, *doc. 109*, on November 26, 2013. In her response, Plaintiff objects only to the taxing of costs for the creation of a printed transcript of Plaintiff's statement. *Doc. 110.* The Court will sustain Plaintiff's objection. The Court finds the remaining costs listed in Defendant's Bill of Costs to be reasonable and necessary to the litigation and recoverable under 28 U.S.C. § 1920.

Defendant is a prevailing party in this action and, as such, is entitled to costs under Federal Rule of Civil Procedure 54(d) "[u]nless a federal statute, these rules, or a court order provides otherwise. . . ." Rule 54 creates a "presumption . . . that the court should award the prevailing party costs . . . ." *A.D. v. Deere and Co.,* 229 F.R.D. 189, 192 (D.N.M. 2004) (citing *Klein v. Grynberg,* 44 F.3d 1497, 1506 (10th Cir. 1995)). However, available costs are limited to those specified in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Defendant submitted costs in the amount of $254.39 paid to Huseby for a printed transcript of a recorded telephone conversation between Plaintiff and an officer at the Las Cruces Police Department.  Defendant states that this cost is recoverable under 28 U.S.C. § 1920(3), which provides that the court may tax as costs "[f]ees and disbursements for printing and witnesses."  Plaintiff argues that this expense does not constitute either a fee for printing or a witness fee, and is, therefore, not a taxable cost.  The Court agrees with Plaintiff.

Given the size of the bill in comparison with the length to the transcript, it appears that the cost was not for the printing of the document, but instead the transcription of the recorded phone call.  As such, it is a transcription expense rather than a printing expense, and it is not recoverable under § 1920(3).[1]  The Court will exclude it from the taxation of costs.

WHEREFORE, IT IS ORDERED that Defendant's Motion to Tax Costs, *doc. 109*, is GRANTED IN PART.  Costs are taxed for Defendant, and against Plaintiff, in the amount of $800.16.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

---

[1] Arguably, the transcription cost would be recoverable under §1920(2).  Before 2008, this subsection was limited to "stenographic transcript[s]" done by a "court reporter." 28 U.S.C. § 1920(2) (1978) (amended 2008).  Obviously, the disputed transcription cost would not be recoverable under that language.  In 2008, however, Congress amended the subsection to permit recovery for "[f]ees for printed or electronically recorded transcripts . . . ." Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110–406, sec. 6(1), § 1920(2), 122 Stat. 4291 (2008). The Court need not determine whether the disputed transcription cost would be recoverable under the current § 1920(2) as Defendant has not made the argument.